| | |
|---|---|
| 1 | GARY M. RESTAINO |
| 2 | United States Attorney<br>District of Arizona |
| 3 | PATRICK E. CHAPMAN |
| 4 | Assistant United States Attorney<br>Arizona State Bar No. 025407 |
| 5 | Two Renaissance Square<br>40 N. Central Ave., Suite 1800 |
| 6 | Phoenix, Arizona 85004<br>Telephone: 602-514-7500 |
| 7 | Email: Patrick.Chapman@usdoj.gov<br>Attorneys for Plaintiff |

FILED ___ LODGED
___ RECEIVED ___ COPY

JUL 0 9 2024

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____DEPUTY

REDACTED FOR PUBLIC DISCLOSURE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,

　　　　　Plaintiff,

　　vs.

1. Antony Jaimes,
　(Counts 1–2, 4, 6–8)

2. Jose Salguero-Castillo,
　(Counts 3, 5)

3. Daniel Bonilla, and
　(Counts 4, 8)

4. Gustavo Lozano,
　(Counts 6–7)

　　　　　Defendants.

No. CR-24-1185-PHX-SPL (ESW)

**INDICTMENT**

VIO: 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D)
(Dealing Firearms without a License)
Count 1

18 U.S.C. §§ 922(o), 924(a)(2), and 2
(Possession or Transfer of a Machinegun, Aid and Abet)
Counts 2 and 4

18 U.S.C. §§ 922(o) and 924(a)(2)
(Possession or Transfer of a Machinegun)
Count 3

21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)
(Distribution of Cocaine)
Counts 5 – 6

21 U.S.C. § 846
(Conspiracy to Distribute Cocaine)
Count 7

26 U.S.C. §§ 5861(e), 5812, 5841, 5845(a), and 5871
18 U.S.C. § 2
(Transfer of a Firearm in Violation of National Firearms Act, Aid and Abet)
Count 8

18 U.S.C. §§ 924(d) and 981,
21 U.S.C. §§ 853 and 881,
26 U.S.C. §§ 5872(a) and 2461(c),
and 28 U.S.C. § 2461(c)
(Forfeiture Allegation)

**THE GRAND JURY CHARGES**:

### COUNT 1

On or between April 1, 2024 and June 18, 2024, in the District of Arizona, Defendant ANTONY JAIMES, not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms.

In violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D).

### COUNT 2

On or about April 5, 2024, in the District of Arizona, Defendant ANTONY JAIMES aided and abetted a co-conspirator in the knowing possession and transfer of one (1) machinegun, that is, a part commonly known as a "Glock switch," which is designed and intended solely and exclusively for use in converting a weapon into a machinegun.

In violation of Title 18, United States Code, Sections 922(o), 924(a)(2), and 2.

### COUNT 3

On or about May 1, 2024, in the District of Arizona, Defendant JOSE SALGUERO-CASTILLO did knowingly possess and transfer a machinegun, that is, a Glock firearm with a part commonly known as a "Glock switch" attached, which is designed and intended solely and exclusively for use in converting a weapon into a machinegun.

In violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

### COUNT 4

On or about May 23, 2024, in the District of Arizona, Defendant ANTONY JAIMES aided and abetted Defendant DANIEL BONILLA in knowingly possessing and

transferring five (5) machineguns, that are, parts commonly known as "Glock switches," which are designed and intended solely and exclusively for use in converting a weapon into a machinegun.

In violation of Title 18, United States Code, Sections 922(o), 924(a)(2), and 2.

## COUNT 5

On or about June 5, 2024, in the District of Arizona, Defendant JOSE SALGUERO-CASTILLO did knowingly and intentionally distribute a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 6

On or about June 18, 2024, in the District of Arizona, Defendants ANTONY JAIMES and GUSTAVO LOZANO did knowingly and intentionally distribute a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 7

Beginning on or about June 12, 2024 to on or about June 18, 2024, in the District of Arizona, Defendants ANTONY JAIMES and GUSTAVO LOZANO did knowingly and intentionally combine, conspire, confederate and agree with each other and persons known and unknown to the grand jury, to distribute a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

## COUNT 8

On or about May 21, 2024, in the District of Arizona, Defendant ANTONY JAIMES aided and abetted Defendant DANIEL BONILLA in knowingly and unlawfully

transferring a firearm, to wit: a Palmetto State Armory, PA-15 rifle having a barrel length of less than 16 inches, that was not registered in the National Firearms Registration and Transfer Record to ANTONY JAIMES or DANIEL BONILLA.

In violation of Title 26, United States Code, Sections 5861(e), 5812, 5841, 5845(a), and 5871, and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION

The Grand Jury realleges and incorporates the allegations of Counts 1 through 8 of this Indictment, which are incorporated by reference as though fully set forth herein.

Pursuant to Title 18, United States Code, Sections 924(d) and 981, Title 21, United States Code, Sections 853 and 881, Title 26, United States Code, Sections 5872(a) and 2461(c), and Title 28, United States Code, Section 2461(c), and upon conviction of the offense(s) alleged in Counts 1 through 8 of this Indictment, the defendants shall forfeit to the United States of America all right, title, and interest in (a) any property constituting, or derived from, any proceeds the persons obtained, directly or indirectly, as the result of the offense, and (b) any of the defendants' property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense as to which property the defendants are liable.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred or sold to, or deposited with, a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said defendants up to the value of the above-described forfeitable property, pursuant to Title 21, United States Code, Section 853(p).

All in accordance with Title 18, United States Code, Sections 924(d) and 981, Title 21, United States Code, Sections 853 and 881, Title 26, United States Code, Sections 5872(a) and 2461(c), and Title 28, United States Code, Section 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

/s/
FOREPERSON OF THE GRAND JURY
Date:  July 9, 2024

GARY M. RESTAINO
United States Attorney
District of Arizona

/s/
PATRICK E. CHAPMAN
Assistant U.S. Attorney